FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 10, 2026
OFFICE OF THE CLERK

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas
Texarkana Division

In the Matter of the Search of:
**Information Associated with Google Email Accounts, User ID, and/or Screen Names: michellecheatham2731@gmail.com, that is Stored at Premises Owned, Maintained, Controlled, or Operated by Google LLC.**

Case No. 4:26-cm-00010

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A) and 2711. Specifically, pursuant to 18 U.S.C. 2711 (3)(A)(i) the Court is "a district court of the United States….that has jurisdiction over the offense being investigated." See Attachment A.**

located in the Northern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 1343<br>26 USC § 7206(2) | Wire Fraud; Fraud and False Statements |

The application is based on these facts:

☑ Continued on the attached sheet. **See affidavit of IRS Special Agent Gregory Alexander.**

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ______ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Gregory Alexander (telephonically)
*Applicant's signature*

Gregory Alexander, IRS Special Agent
*Printed name and title*

Via telephone 10 July 2026 @ 10:48 AM (SGS)

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: ______

*Judge's signature*

City and state: El Dorado, Arkansas

Honorable Spencer G. Singleton, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**LOCATION TO BE SEARCHED**

This warrant applies to all electronically stored data, information, communications, and preserved data contained in, related to, and associated with the Google Inc. email accounts, Google Inc. User ID, and/or screen names:

**Michellecheatham2731@gmail.com**

From January 1, 2022 to present, that is stored at premises owned, maintained, controlled or operated by Google LLC., a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

# ATTACHMENT B

## Particular Things to Be Seized

### I. Information to Be Disclosed by Google LLC

To the extent that information described in Attachment A is within the possession, custody, or control of Google LLC, including any emails, chats, records, files, logs, or information that has been deleted but is still available to Google LLC, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on September 11, 2025 and April 22, 2026, Google LLC is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all emails, messages, communications associated with the accounts, including stored or preserved copies of emails, sent to and from the accounts, draft emails, the source and destination addresses associated with each email, , the date and time at which each email, was sent, and the size and length of each email

b. All records or other information regarding the identification of the accounts, to include full customer or subscriber name, customer or subscriber physical address, local and long distance connection records, telephone numbers, and other identifiers, alternate email address, records of session times and durations, the date on which the accounts were created, the length of service, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number).

c. The types of service utilized.

d. All records pertaining to communications between Google LLC and any person regarding the accounts, including contacts with support services and records of actions taken.

e. All records or other information that were the subject of the preservation request dated September 11, 2025 and April 21, 2026.

f. For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

**II. Information to Be Seized by the Government**

1. All information described above in Section I, including correspondence, records, electronic mail, that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 USC § 1343, Wire Fraud, and 26 USC § 7206(2), Fraud and False Statements, and occurring after January 1, 2022 to present, pertaining to tax years 2021 through 2025, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Evidence regarding the perpetration of any scheme or artifice to defraud, and the identification and location of the perpetrators, conspirators, and victims of such schemes;

b. Evidence indicating how and when the Email Account and other services were accessed or used, to determine the geographic and chronological context of account/service access, use, and events relating to the crime under investigation and to the Email Accounts owner;

c. Evidence indicating the Email Accounts owners' and users' state of mind as it relates to the crimes under investigation;

d. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s);

e. Credit card and other financial information including bills and payment records;

f. Evidence of who used, owned, or controlled each account or identifier listed on Attachment A;

g. Evidence of the times each account or identifier listed on Attachment A was used;

h. Passwords and encryption keys, and other access information that may be necessary to access each account or identifier listed on Attachment A and other associated accounts.

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Gregory Alexander, being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I submit this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Google LLC to provide information, including the content of communications, for the email account **michellecheatham2731@gmail.com**, including user names and associated profiles, which is further described in Attachment A to this affidavit. As set forth below, I have probable cause to believe that these accounts contain evidence, as set forth in Attachment B to this affidavit, of violations of the following:

   a. 18 USC § 1343, Wire Fraud

   b. 26 USC § 7206(2), Fraud and False Statements

2. I am a Special Agent with the Internal Revenue Service Criminal Investigation (IRS-CI) and have been employed since October 2001. As a Special Agent, I investigate violations of the Internal Revenue Code (Title 26 United States Code), the Money Laundering Control Act (Title 18 United States Code), the Bank Secrecy Act (Title 31 United States Code) and other criminal violations. I have personally conducted and assisted other law enforcement officers in numerous investigations of alleged criminal violations of the Internal Revenue Laws, the Money Laundering Control Act, and the Bank Secrecy Act.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own knowledge, knowledge obtained from other individuals during my participation in this investigation, including other IRS personnel, interviews of

witnesses, analysis of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

**APPLICABLE LAW**

4. Title 18 Untied States Code, Section 1343 (Wire Fraud) provides in relevant part that "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

5. Title 26 United States Code, Section 7206(2) (Fraud and False Statements) states that whoever willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution

**JURISDICTION**

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A) and 2711. Specifically, pursuant to 18 U.S.C. 2711 (3)(A)(i) the Court is "a district court of the United

States....that has jurisdiction over the offense being investigated." Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## STATEMENT OF PROBABLE CAUSE

7. The Internal Revenue Service, Criminal Investigation, Dallas Field Office, Fayetteville post of duty, has been investigating **MICHELLE CHEATHAM (CHEATHAM)** a return preparer in the Texarkana, Arkansas/Texas area since March 2025. CHEATHAM is alleged to have prepared and electronically filed with the IRS false federal income tax returns intended to increase the amount of refund due her clients.

8. CHEATHAM has operated her tax preparation business from several different locations in Texarkana since 2022. CHEATHAM has also employed numerous individuals over the years as return preparers.

9. CHEATHAM was issued Preparer Tax Identification Number (PTIN) P01557841 by the IRS on December 26, 2011. A PTIN is an identification number issued by the IRS that paid tax return preparers muse use on U.S. federal tax returns they prepare. IRS records show the email address associated with this PTIN is **michellecheatham2731@gmail.com**. In addition to this PTIN, the investigation has shown that CHEATHAM has also utilized P03524113[1] as a PTIN. Each of CHEATHAM's employee return preparers also have their own unique PTIN, and the investigation has shown at times CHEATHAM has used the PTINs of her employees to prepare income tax returns.

10. CHEATHAM used various business names on tax returns she prepared. These names include Cheatham Tax Service, Lighthouse Tax Solutions, McCain Tax Services, and Bull

---

[1] This PTIN is false as it does not exist in IRS records as valid. The investigation has yet to determine how or why CHEATHAM began using this number as a PTIN.

City Elite Tax Service. CHEATHAM also used multiple electronic filling identification numbers (EFINs) to electronically file tax returns with the IRS. An EFIN is a unique number assigned by the IRS to tax preparers who electronically file tax returns with the IRS. The investigation has shown that CHEATHAM has utilized EFINs established by other return preparers and individuals to electronically file income tax returns with the IRS. This includes soliciting other return preparers to apply for and obtain EFINs for her use. The investigation to date has revealed approximately 19 EFINs utilized by CHEATHAM and her employees for the years 2022 through 2026.

11. To date, over 600 tax returns containing suspicious items for tax years 2021 through 2025 have been identified as being prepared using one of the two PTINs associated with CHEATHAM. The suspicious items include Forms 4136 Credit for Federal Tax Paid on Fuels, Schedule B Interest and Ordinary Dividends, federal income tax withheld from Forms 1099, Form 7202 Credits for Sick Leave and Family Leave for Certain Self-Employed Individuals, and Schedule C Profit or Loss From Business. These suspicious items appear to be intended to increase the amount of the refund due to the taxpayer. The attempted tax loss from these tax returns has been calculated at over $7 million.

12. I, along with other IRS-CI Special Agents, have interviewed 20 of CHEATHAM's clients. Each client identified CHEATHAM as the preparer of one or more of their 2021, 2022, 2023, 2024, or 2025 federal income tax returns and each return, except three[2], contained one of the two PTINs associated with CHEATHAM. Forty-seven (47) false federal income tax returns were identified from these 20 clients as they confirmed that their tax returns contained false information that they did not provide to CHEATHAM. The tax returns contained one or more of

[2] The 3 PTINs were for tax preparers employed by CHEATHAM. However, the clients identified CHEATHAM as the preparer of the tax returns.

the following: Forms 4136 Credit for Federal Tax Paid on Fuels, Schedule B Interest and Ordinary Dividends, federal income tax withheld from Forms 1099, Form 7202 Credits for Sick Leave and Family Leave for Certain Self-Employed Individuals, Schedule C Profit or Loss From Business, and Form 5695 Residential Energy Credit. The total attempted tax loss from these 47 false federal income tax returns is $669,506.

13. Of the 20 clients interviewed, six clients stated and/or provided information that CHEATHAM utilized the email address **michellecheatham2731@gmail.com** in the preparation of one or more of their income tax returns. Below are details of these six clients:

**Witness 1**

14. M.I. was interviewed by IRS-CI Special Agents on May 14, 2025. M.I. confirmed that CHEATHAM prepared their 2022, 2023, and 2024 federal income tax returns. CHEATHAM was listed on each tax return as the paid preparer utilizing PTIN P01557841. Each of M.I.'s income tax returns were electronically filed with the IRS.

15. M.I. sent documents related to the preparation of her 2022 federal income tax return to CHEATHAM at **michellecheatham2731@gmail.com**.

16. M.I. stated that their 2022 federal income tax return contained the following false items:

a. Form 4136, Credits for Federal Tax Paid on Fuels, reporting the purchase of 68,000 gallons of gasoline for off-highway business use resulting in a credit of $12,444. M.I. confirmed that this is false.

b. Schedule C, Income or Loss from Business, reporting $16,896 in income, $24,450 in expenses, resulting in a $7,554 loss. M.I. said the income should be higher and they made closer to $86,000. M.I. also said their business does not have a loss.

17. The false items on M.I.'s 2022 federal income tax return resulted in an attempted tax loss of $12,444.

18. In addition to the 2022 income tax return, M.I.'s 2023 and 2024 prepared and filed by CHEATHAM both contained false Schedule B dividends from Coinbase, false Other Withholding Statements, and false Schedule C losses. The false items on the 2023 and 2024 tax returns resulted in attempted tax losses of $22,999 and $12,662 respectively.

**Witness 2**

19. S.M. was interviewed by IRS-CI Special Agents on June 13, 2025. S.M. confirmed that CHEATHAM prepared her 2024 federal income tax return although the return contained a name other than CHEATHAM as the return preparer with PTIN P03208636 . S.M. does not know the individual[3] listed as the preparer and said CHEATHAM is the only person she dealt with in the preparation of her income tax return. S.M.'s 2024 federal income tax return was electronically filed with the IRS.

20. S.M. provided IRS-CI Special Agents copies of emails she had with CHEATHAM at **michellecheatham2731@gmail.com**. These emails included an email dated April 14, 2025, where CHEATHAM sent M.C. a Client Data Sheet from her email address **michellecheatham2731@gmail.com**. On that same day, S.M. completed the Data Client Worksheet and sent it back to **michellecheatham2731@gmail.com**.

21. S.M. stated that her 2024 federal income tax return contained the following false items:

a. Schedule B, Interest and Ordinary Dividends reporting ordinary dividends from Coinbase of $39,997 and an Other Withholding Statement reporting $9,199 in federal

[3] This person was interviewed by IRS-CI Special Agents on August 26, 2025. They confirmed their employment with CHEATHAM but stated they did not prepare the income tax return for S.M.

withholdings. S.M. stated that these items are false, and they did not tell CHEATHAM to put these items on her tax return.

b. Schedule C, Profit or Loss From Business reporting a "independent wholesaler" business with $8,245 in income, $44,505 in expenses, resulting in a $36,260 loss. S.M. said this business is false, she did not have a business and did not tell CHEATHAM to put this business on her income tax return.

22. The false items on S.M.'s 2024 federal income tax return resulted in an attempted tax loss of $11,952.

**Witness 3**

23. C.M. was interviewed by IRS-CI Special Agents on April 7, 2026. C.M. confirmed that CHEATHAM prepared her 2021 and 2025 federal income tax returns and identified CHEATHAM from a driver's license photo. CHEATHAM was also listed on the tax returns as the paid preparer with PTIN P01557841. C.M.'s 2021 and 2025 tax returns were both electronically filed with the IRS.

24. C.M. provided agents with a screen shot of an email from CHEATHAM that said "**michellecheatham2731@gmail.com** has shared documents with you via pdfFiller." C.M. stated that this email contained a link to upload their tax documents.

25. C.M. confirmed that her 2025 federal income tax return contained the following false items:

a. Schedule B, Interest and Ordinary Dividends reporting ordinary dividends from Coinbase of $59,307 and an Other Withholding Statement reporting $14,233 in federal withholdings. C.M. stated that these items are false, and she did not tell CHEATHAM to put these items on her tax return.

b. Schedule C, Profit or Loss From Business reporting a "wholesale trade" business with $10,505 in income, $95,367 in expenses, resulting in an $84,862 loss. C.M. said this business is false, she did not have a business and did not tell CHEATHAM that she had a business.

26. The false items on C.M.'s 2025 federal income tax return resulted in an attempted tax loss of $14,233.

27. In addition to the 2025 income tax return, C.M.'s 2021 tax return was prepared and filed by CHEATHAM and contained a loss from a false Schedule C business and a false Form 7202, Credits for Sick Leave and Family Leave for Certain Self-Employed Individuals. The false items on this 2021 tax return resulted in a tax loss of $9,732.

**Witness 4**

28. L.J. was interviewed by IRS-CI Special Agents on April 8, 2026. L.J. confirmed that CHEATHAM prepared her 2025 federal income tax return and CHEATHAM is listed on the tax return as the paid preparer with PTIN P01557841. L.J.'s 2025 federal income tax return was electronically filed with the IRS.

29. L.J. provided agents with screen shots of communication with CHEATHAM. These screen shots included text messages and emails with CHEATHAM.

30. In a text message dated January 30, 2026[4] CHEATHAM texts "My email address is **michellecheatham2731@gmail.com**." In a later text message dated February 13, 2026, L.J. texts "I have all the info to file now" and CHEATHAM responded, "OK good will you email me everything did I already send you the client data sheet." L.J. also provided agents with a screen

[4] The screen shots provided do not contain the year. However, based upon the statements from L.J. and the fact that the return in question was a 2025 tax return filed on or about February 14, 2026, it is known to be the year 2026.

shot of an email dated February 14, 2026, from **michellecheatham2731@gmail.com** to L.J. with the subject "Re: Tax-Client-Intake-Form (1)."

31. L.J. confirmed that their 2025 federal income tax return contained the following false items:

a. Schedule C, Profit or Loss From Business reporting a "Wholesale Trade" business with $5,479 in income, $32,447 in expenses, resulting in a $26,968 loss. L.J. stated she did not have a business in 2025 and did not tell CHEATHAM that she did.

32. The false items on L.J.'s 2025 federal income tax return resulted in an $8,373 tax loss.

**Witness 5**

33. M.B. was interviewed by IRS-CI Special Agents on April 8, 2026. M.B. confirmed that CHEATHAM prepared their 2024 and 2025 federal income tax returns and both tax returns list CHEATHAM as the paid preparer utilizing PTINs P03524113 for 2024 and P01557841 for 2025. Both M.B.'s 2024- and 2025-income tax returns were electronically filed with the IRS.

34. M.B. provided agents with screenshots of text messages with CHEATHAM.

35. In a text message dated February 11, 2025[5], M.B. texts CHEATHAM "…I was wondering when will be available to do my taxes for me and my girlfriend." CHEATHAM responds "Michelle cheatham my email is **michellecheatham2731@gmail.com**." Later that day M.B. texts CHEATHAM "Ok I sent everything."

36. M.B. confirmed that their 2024 federal income tax return contained the following false items:

[5] Based upon the date, it appears the communication is dealing with the preparation of the 2024 federal income tax return.

a. Schedule C, Profit or Loss From Business reporting a "Landscaping" business with $5,002 in income and $25,689 in expenses resulting in a $20,687 loss. M.B. does not have a landscaping business and never told CHEATHAM that they did.

37. The false items on M.B.'s 2024 federal income tax return resulted in a tax loss of $6,103.

38. M.B.'s 2025 federal income tax return prepared and filed by CHEATHAM also contained a Schedule C, Profit or Loss From Business reporting a "Landscaping" business and a $27,197 loss. This false item resulted in a tax loss of $4,831.

**Witness 6**

39. J.K. was interviewed by IRS-CI Special Agents on April 8, 2026. J.K. confirmed CHEATHAM prepared their 2024 and 2025 federal income tax returns, and both tax returns list CHEATHAM as the paid preparer with PTIN P01557841. Both the 2024 and 2025 federal income tax returns were electronically filed with the IRS.

40. J.K. provided agents with screenshots of communication with CHEATHAM. One of the screenshots provided by J.K. to agents was a picture J.K. sent CHEATHAM of a screen shot from TaxStatusNow.com. This picture includes the statement "This email was sent to…as requested by your tax preparer. Please reply to **michellecheatham2731@gmail.com**."

41. J.K. confirmed the following false items on their 2024 federal income tax return:

a. Schedule B, Interest and Ordinary Dividends reporting ordinary dividends from Coinbase of $89,997 and an Other Withholding Statement reporting $20,699 in federal withholdings. J.K. stated that these items are incorrect and she did not have dividend income.

42. J.K. confirmed the following false items on their 2025 federal income tax return:

a. Schedule B, Interest and Ordinary Dividends reporting ordinary dividends from Coinbase of $59,307 and an Other Withholding Statement reporting $14,233 in federal withholdings. J.K. stated that these items are false.

b. Schedule C, Profit or Loss From Business reporting a "Home Health Care" business with $10,586 in income, $34,169 in expenses, resulting in a $23,583 loss. J.K. stated they do not have their own business and did not tell CHEATHAM they did.

43. The false items on J.K.'s 2024 and 2025 federal income tax returns resulted in attempted tax losses of $18,957 and $12,591 respectively.

**Lighthouse Tax Solutions**

44. Records from Lighthouse Tax Solutions were obtained in the investigation. Lighthouse Tax Solutions was a company that provided EFINs and tax preparation software to preparers, including CHEATHAM. Included in the Lighthouse Tax Solution records was a registration form which collected multiple pieces of personally identifiable information on CHEATHAM, including her full name, address, phone number, email address, and bank account information. The email address CHEATHAM provided on this form was **michellecheatham2731@gmail.com**.

45. The records also included an email dated August 26, 2021 from CHEATHAM at **michellecheatham2731@gmail.com**. The email was in reply to Lighthouse inquiring about a renewal of their services and requesting an email response. CHEATHAM responds "Yes, I accept. My email address is **michellecheatham2731@gmail.com**."

46. Of the 20 clients interviewed, 12 had tax returns filed listing Lighthouse as the name of the firm. Of these 12, records of fees paid for five of CHEATHAM's clients were in the Lighthouse records. Each of 12 clients identified CHEATHAM as the preparer of their tax returns and confirmed that the tax returns contained false items.

**Refundo Tax Service**

47. CHEATHAM utilized the services of Refundo during the 2024- and 2025-income tax filing seasons (2023- and 2024-income tax returns). Refundo is a company that provides banking services and financial products to tax professionals. CHEATHAM utilized Refundo to process fees from client's income tax refunds.

48. Records were received from Refundo for two EFINS utilized by CHEATHAM. The two EFINS, 711981 and 712078, were obtained for CHEATHAM by R.N. who was interviewed by IRS Special Agents on May 13, 2025. R.N. confirmed that she was contacted by CHEATHAM on Facebook. CHEATHAM told R.N. that she was unable to obtain her own EFIN because of a balance due to the IRS.

49. Refundo records show CHEATHAM registered for Refundo services under each EFIN using the business name R and R dba Cheatham Tax Service. Included in the records are contact information for R and R dba Cheatham Tax Service including bank account information, address, phone number and email address. The email address listed for both EFINs is **michellecheatham2731@gmail.com**.

50. Of the 20 clients interviewed, at least five had tax returns electronically filed with the IRS through EFINS 711981 and 712078 and utilizing, or attempting to utilize, the services of Refundo. Each client identified CHEATHAM as the preparer of their tax returns and confirmed that the tax returns contained false items. One of the returns contained the name and PTIN of one

of CHEATHAM's employees. The client for this return did not know the employee listed on the tax return as preparer and stated she only dealt with CHEATHAM.

## PRESERVATION REQUESTS

51. Letters were sent to Google LLC on September 11, 2025 and April 21, 2026 requesting that they preserve for 90 days all stored communications, records, and other evidence in their possession for the email account **michellecheatham2731@gmail.com**.

## BACKGROUND CONCERNING EMAIL

52. In my training and experience, I have learned that Google LLC provides a variety of on-line services, including electronic mail ("email") access, to the public. Google LLC allows subscribers to obtain email accounts at the domain name yahoo.com, like the email accounts listed in Attachment A. Subscribers obtain an account by registering with Google LLC During the registration process, Google LLC asks subscribers to provide basic personal information. Therefore, the computers of Google LLC are likely to contain stored electronic communications (including retrieved and un-retrieved email for Google LLC subscribers) and information concerning subscribers and their use of Google LLC services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

53. A Google LLC subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Google LLC In my training and experience, evidence of who was using an email account may be found in address

books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

54. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

55. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

56. In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contact between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

57. This application seeks a warrant to search all responsive records and information under the control of Google LLC, a provider subject to the jurisdiction of this court, regardless of where Google LLC has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Google LLC's possession, custody, or control.

58. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contact lists and images sent (and the data associated with the foregoing, such as date and time) may indicate

who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications to conceal them from law enforcement).

**CONCLUSION**

59. Based on the forgoing, your affiant respectfully requests this Court to issue a search warrant authorizing the search of the email account **michellecheatham2731@gmail.com**, including user names and associated profiles, which are controlled and maintained by Google LLC, as described in Attachment A, to seize the evidence, fruits, and instrumentalities described in Attachment B, for violations of Wire Fraud and Fraud and False Statements.

Respectfully submitted,

/s/ Gregory Alexander (telephonically)
Gregory Alexander
Special Agent
IRS Criminal Investigation

Via telephone
10 July 2026
@ 10:48 AM
(SGS)

Subscribed and sworn to before me on July 10, 2026.

Honorable Spencer G. Singleton
United States Magistrate Judge